UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LINDA LAWSON,

    Plaintiff,
v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LINDA LAWSON, sues Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, And alleges:

**I. PRELIMINARY ALLEGATIONS**

1. This is an action is in excess of $75,000, exclusive of costs and attorney's fees.

2. Plaintiff LINDA LAWSON is a citizen of the state of South Carolina.

3. Defendant CARNIVAL is a foreign corporation with its base of operations/corporate headquarters in the state of Florida.

4. This court has jurisdiction in this matter pursuant to 28 U.S.C. 1332. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. 1332. In the event that the court rules that this case does not come under diversity of citizenship jurisdiction, then Plaintiff elects to proceed under the admiralty jurisdiction of the court.

5. At all times material hereto, Defendant was authorized to transact business and maintains an office in Miami-Dade County, Florida.

6. At all times material hereto, Defendant personally or through an agent;

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial and not isolated business activity within this state.

1

    c.    Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

7. The causes of action in this complaint arise under the general maritime law of the United States.

8. Venue is proper because Plaintiff's passenger ticket requires that suit be filed in federal court Miami-Dade County, Florida.

9. At all times relevant to this action, Defendant was engaged in the business of providing to the public, for compensation, vacation cruises aboard its vessel, Carnival Dream.

10. At all times material to this action, the vessel Carnival Dream was located in navigable waters.

11. At all times material to this action, Defendant owned, operated, managed, maintained and/or controlled the vessel Carnival Dream and its agents and/or employees.

12. On or about March 17, 2014, Plaintiff was a paying passenger onboard a cruise on Defendant's vessel Carnival Dream, which was in navigable waters. A copy of her ticket and/or an exemplar ticket is in Defendant's possession.

## II. COUNT I - NEGLIGENCE

13. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 12 as though alleged originally herein.

14. It was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

15. On or about March 17, 2014, Plaintiff slipped and fell due to an unreasonably slippery, wet floor in the aft elevator on board Defendant's vessel Carnival Dream suffering injuries.

16. Plaintiff's injuries include a head injury, which required sutures, as well as a severely broken and dislocated left ankle. She required immediate medical treatment from the ship physician. Upon returning home from the cruise, Plaintiff received extensive medical treatment including multiple ankle surgeries. Plaintiff continues to suffer from the injuries.

17. There was a wet substance, believed to be water or some other clear liquid, on the

floor in the area of the incident.

18. Defendant selected the flooring material in the area of the subject incident and knew based on prior slip and falls on the same flooring material on its ships that it was unreasonably slippery when wet.

19. There was a pool and/or hot tub adjacent to the elevators.

20. Defendant allowed wet individuals to access the subject elevator from the pool and/or hot tub area.

21. Following Plaintiff's incident, Defendant blocked entry to the subject elevator area from pool and/or hot tub area.

22. On or about March 17, 2014, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

23. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees as follows:  a. Failed to maintain the floor in the area of the incident in a clean and dry condition, and/or; b. Allowed water or other slippery substances to fall on the floor in that area, and/or; c. Failed to have a non-slip or non-skid or other proper surface on the floor in that area, and/or; d. Failed to warn plaintiff of the danger of a wet and slippery floor in the subject area; and/or e. Failed to place rubber mats or other non-slip coverings on the floor in that area, and/or f.  Failure to use reasonable care to provide and maintain a proper and safe floor area, and/or g. Failure to promulgate and enforce reasonable rules and regulations to insure the safety of the passengers and more particularly the Plaintiff, while traversing the floor area, and/or h. Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident, and/or  i.  Failure to follow sound safety practices with the goal of providing passengers with a safe floor, and/or; j. Prior to Plaintiff's incident Defendant failed to investigate the hazards to passengers and take necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard and/or k. Failure to have the proper surface on the subject floor in the location of Plaintiff's incident; l.  Failed to adequately inspect the floor in the subject area to make sure in a clean and dry condition; m.  Failed to adequately warn plaintiff of the danger of a wet and

slippery floor in the subject area; n. Failed to have appropriate warnings in appropriate areas and/or proper signage and/or warning of the danger of a wet and slippery floor in the subject area; o. Failed to block passengers access to subject floor area when wet and slippery and/or Failed to block wet passengers access to the subject elevator; p. Failed to properly maintain the floor in the subject area which allowed it to become slippery; and q. Failed to adequate train, instruct and/or supervise the crew with respect to the subject area, all of which caused Plaintiff to be injured when she slipped and fell.

24. At all material times, Defendant had exclusive custody and control of the above named vessel.

25. At all material times, Defendant created the foregoing dangerous condition.

26. At all times material hereto, Defendant negligently failed to determine the hazards on and near the vessel to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn Plaintiff of the hazard.

27. Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

28. Defendant created the condition that caused Plaintiff's injuries.

29. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and her working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

    MEISTER LAW, LLC
    Courthouse Tower, Suite 750
    44 West Flagler Street

Miami, FL 33130  
TEL: (305) 590-5570  
FAX: (305) 675-3787  
E-MAIL: TonyaJMeister@aol.com  
*Attorney for Plaintiff*

BY: s/TonyaJMeister  
TONYA J. MEISTER  
FLORIDA BAR NO.: 0629243
